IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARCUS SCIROCCO,** *et al.*                                                                **PLAINTIFFS**

**V.**                                                       **CIVIL ACTION NO. 5:13-CV-128-KS-MTP**

**FORD MOTOR COMPANY**                                                        **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

This is a product liability case. Defendant removed it from the Circuit Court of Adams County, Mississippi on August 23, 2013. Thirteen months later – after the close of discovery, on the eve of the motions deadline, after the parties had litigated the case for over a year – Plaintiffs filed a Motion to Remand [34], arguing that this Court does not have diversity jurisdiction because the amount in controversy does not exceed $75,000. For the reasons stated below, the Court **denies** the motion [34].

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of remand," *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), and the "removal statutes are to be construed strictly

against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

Where the plaintiff does not allege a specific amount of damages, as is the case here, "[t]he removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the" jurisdictional threshold. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Defendant presented arguments under both options above, but it only necessary for the Court to address the "facially apparent" prong. "The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional amount by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Williams v. Ford Motor Co.*, No. 3:11-CV-110-NBB-SAA, 2012 U.S. Dist. LEXIS 100986, at *9 (N.D. Miss. July 20, 2012). In the Complaint [1-2], Plaintiffs alleged that Defendants caused Plaintiff Summer Scirocco to suffer "severe, painful and permanent physical injuries." She allegedly "sustained

past mental anguish, anxiety, physical pain and suffering, disability, disfigurement, loss of wages and wage earning capacity," and she contends that she "may reasonably be expected to incur the same in the future and on a permanent basis." She also "incurred hospital, doctor, drug and other medical expenses in the past," and she expects "to incur the same in the future and on a permanent basis in an effort to treat and cure her injuries." Her husband, Plaintiff Marcus Scirocco, alleges that he has lost the consortium, society, and companionship of his wife. It is "facially apparent" from these allegations that Plaintiffs' claims are likely to exceed $75,000.00.[1]

Plaintiffs argue that it is "legally certain that [their] recovery will not exceed

---

[1] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged property damage, travel expenses, six days in hospital, pain and suffering, humiliation, and temporary inability to do housework); *Schwartz v. Am. Express Travel Related Servs. Co.*, No. 02-30836, 2003 U.S. App. LEXIS 28685, at *6 (5th Cir. June 5, 2003) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought past and future mental suffering and medical expenses, substantial financial losses, and alleged intentional infliction of emotional distress); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) (" . . . Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000."); *Atlas v. Chrysler, LLC*, No. 3:11-CV-183-KS-MTP, 2012 U.S. Dist. LEXIS 144503, at *14 n. 12 (S.D. Miss. Oct. 5, 2012) (facially apparent that claimed damages for wrongful death, including pecuniary value of the decedent's work life expectancy, pain and suffering, loss of companionship and society exceeded $75,000); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n. 1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

the" jurisdictional threshold, *White*, 319 F.3d at 676, citing a stipulation [34-2] executed by their attorney. Therein, Plaintiffs' counsel stipulated that "Plaintiffs do not claim that their damages in this case exceed $75,0000," that Plaintiffs will not "seek to amend the *ad damnum* clause to request more than $75,000," and that Plaintiffs "will not argue to a jury or other fact finder that their damages exceed $75,000 . . . ."

A stipulation signed by counsel "does not and could not" bind a plaintiff, "who can circumvent the [stipulation's] intended affect by finding another attorney to amend the complaint." *Boyd v. Dolgencorp, Inc.*, No. 5:12-CV-48-DCB-JMR, 2012 U.S. Dist. LEXIS 124334, at *10 (S.D. Miss. Aug. 31, 2012); *see also Holmes*, 436 F. Supp. 2d at 832; *Brown v. Wal-Mart Store, Inc.*, No. 2:12-CV-125-KS-MTP, 2012 U.S. Dist. LEXIS 129674, at *12 (S.D. Miss. Sept. 12, 2012). Accordingly, Plaintiffs have not demonstrated that "it is legally certain that [their] recovery will not exceed the" jurisdictional threshold. *White*, 319 F.3d at 676.

For these reasons, the Court **denies** Plaintiffs' Motion to Remand [34].

Additionally, the Court hereby lifts the stay in this matter and instructs the parties to contact the chambers of U.S. Magistrate Judge Michael T. Parker within seven (7) days from the date of this order for entry of a new scheduling order.

SO ORDERED AND ADJUDGED this 10th day of November, 2014.

           *s/Keith Starrett*
           UNITED STATES DISTRICT JUDGE